Metrosearch Recoveries, LLC v City of New York (2019 NY Slip Op 01159)





Metrosearch Recoveries, LLC v City of New York


2019 NY Slip Op 01159


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8417 158027/16

[*1]Metrosearch Recoveries, LLC, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Trenk & Trenk, LLC, New York (Daniel Trenk of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered October 2, 2017, which, to the extent appealed from as limited by the briefs, inter alia, granted defendants' CPLR 3211 motion to dismiss plaintiff's defamation claims, and imposed, sua sponte, sanctions on plaintiff for bringing a frivolous action, unanimously modified, on the law and the facts, to vacate the sanctions, and otherwise affirmed, without costs.
The IAS court properly found that a press conference was sufficiently related to the performance of defendant Stringer's duties that the statements made therein were absolutely privileged (see Lombardo v Stoke , 18 NY2d 394, 400-402 [1966]).
The IAS court also properly found that the allegations could not give rise to any inference which would support a finding of malice, either in the sense of reckless disregard of the truth or of a statement motivated solely by spite (see Liberman v Gelstein , 80 NY2d 429, 437-439 [1992]).
Finally, the court erred in awarding sanctions, both because plaintiff was not given a reasonable opportunity to be heard on this issue (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1[d]) and because plaintiff's arguments were not so clearly meritless as to be deemed frivolous.
Based upon this Court's holding as to privilege, we need not reach the other arguments raised by plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK